UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SMC CONSTRUCTION CO.,

Plaintiff,

v.

REX MOORE GROUP, INC.;

Defendants.

Case No. 3:17-cv-00470-LRH-VPC

ORDER

Before the court is defendant Rex Moore Group, Inc.'s ("Rex Moore") motion to strike or, in the alternative, motion for leave to file a sur-reply. ECF No. 21.

Plaintiff SMC Construction Co. initiated the underlying action against Rex Moore seeking a reduction or release of Rex Moore's recently filed mechanic's lien and for declaratory relief. *See* ECF No. 1, Ex. 2. Along with its complaint, SMC filed a motion to release or reduce mechanic's lien pursuant to Nev. Rev. Stat. § 108.2275. ECF No. 5. Rex Moore filed an opposition (ECF No. 15) to which SMC replied (ECF No. 20). Thereafter, Rex Moore filed the present motion to strike SMC's reply or leave to file a sur-reply. ECF No. 21.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Further, to the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271,

1273 n.3 (9th Cir. 1993). Therefore, the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Here, the court finds that based on the breadth of new arguments and evidence raised in the reply, rather than strike SMC's reply which provides relevant argument, evidence, and context for the court's ultimate disposition on the underlying motion for release of mechanic's lien, Rex Moore should be granted an opportunity to provide a brief response. *See Cedars-Sinai Medical Center v. Shalala*, 177 F.3d 1126, 1129 (9th Cir. 1999) (a court has the inherent authority to grant leave to a party to file a sur-reply when the information would be germane to the court's evaluation of a pending matter). Therefore, the court shall grant Rex Moore's motion with respect to filing a sur-reply.

IT IS THEREFORE ORDERED that defendant's motion to strike, or in the alternative, for leave to file a sur-reply (ECF No. 21) is GRANTED in accordance with this order. Defendant Rex Moore Group, Inc. is GRANTED leave to file a brief sur-reply to plaintiff's motion for release of mechanic's lien (ECF No. 5) of not more than seven (7) pages within five (5) days of entry of this order.

IT IS SO ORDERED.

DATED this 30th day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE