Patrick T. Markham, Esq. (SBN: 114542)
Jacobson Markham L.L.P.
8950 Cal Center Drive, Suite 210
Sacramento California, 95826
916-854-5969 office
916-854-5969 fax
ptmarkham@jacobsonmarkham.com

John Bragonje, Esq. (SB NV 9519)
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
702.474.2625 office
702.216.6173 fax
jbragonje@lrrc.com

Attorney for Defendant/Counter-claimant
REX MOORE GROUP, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SMC CONSTRUCTION CO., <br><br> Plaintiff(s), <br><br> v. <br><br> REX MOORE GROUP, INC. <br><br> Defendant(s). | Case No:  3:17-cv-00470-HDM-VPC <br><br> **AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation  AND REQUEST FOR JURY TRIAL** |
| REX MOORE GROUP, INC. a California corporation, <br><br> Counterclaimant, <br><br> v. <br><br> SMC CONSTRUCTION CO., a Nevada corporation, Edgewood Companies, a Nevada corporation, Liberty Mutual Insurance Company, a Massachusetts corporation, <br><br> Counter-defendants. | |

-1-

Jacobson Markham
amento, California

COMES NOW, Counter-claimant REX MOORE GROUP, INC., a California corporation, by its attorneys, for its counter-claim against SMC CONSTRUCTION CO., a Nevada corporation, EDGEWOOD COMPANIES, a Nevada corporation, and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, respectively, states and alleges as follows:

**JURISDICTION**

1.     This is a civil action in which there is diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).  This court has original jurisdiction of this action.  Counter-claimant REX MOORE GROUP, INC. ("REX MOORE") is resident of the State of California.  It is organized and existing under the laws of the state of California, with its principal place of business in Sacramento, California.

2.     SMC initiated the action in Douglas County, Nevada.  The parties to this action are citizens of different states, and Defendant therefore properly removed this action to the U.S. District Court for Northern Nevada that embraces Douglas County, Nevada.  The amount in controversy exceeds $75,000.     Every issue of law and fact in this action is wholly between a Defendant/Counter-claimant who is a citizen of a state that is different from the states of which Plaintiff and Counter-defendants are citizens.

3.     This Court has general personal jurisdiction over counter defendants SMC and Owner because they are organized under the laws of this forum. This Court has general personal jurisdiction over Counter-defendant Surety because Surety does business in this forum.   This Court also has specific personal jurisdiction over counter defendants because they purposefully availed themselves of the laws and protections of this forum by conducting business here and entering into contracts that gave rise to the damages described in this counter-claim, as more fully set forth below.

4.     Under these circumstances, the exercise of jurisdiction over counter defendants, and each of them, would be reasonable.

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

**THE PARTIES**

5.    Counter-claimant REX MOORE GROUP, a California corporation, is, and at all times relevant to this action was a corporate citizen of the state of California, being a California corporation, organized under the laws of the state of California with its principal place of business in the City of Sacramento, State of California.

6.    At all times relevant herein, REX MOORE is, and was, a licensed C-2 Electrical Contractor, licensed by the State of Nevada and authorized to do business in the State of Nevada and to perform as described under this counter-claim, contractor's license number 0078592.

7.    REX MOORE is informed and believes and on that basis alleges Counter-defendant SMC CONSTRUCTION CO., a Nevada corporation (hereinafter "SMC" or "General Contractor"), is, and at all times herein mentioned, was, a corporate citizen of the State of Nevada, organized and existing under the laws of the State of Nevada with its principal place of business in Washoe, County, State of Nevada.

8.    REX MOORE is informed and believes and on that basis alleges Counter-defendant Edgewood is a corporate citizen of the state of Nevada, incorporated under the laws of the State of Nevada, with its principal place of business and corporate headquarters located in Stateline, Nevada (hereinafter "EDGEWOOD").  EDGEWOOD is added to this complaint as a counter-defendant and properly joined pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20.

9.    REX MOORE is informed and believes and on that basis alleges Counter- defendant Liberty Mutual Insurance Company, a Massachusetts corporation (hereinafter "Surety") is a corporate citizen of the state of Massachusetts, incorporated under the laws of the State of Massachusetts, with its principal place of business and corporate headquarters located in the city of Boston, Massachusetts.  Liberty Mutual is added to this complaint as a counter-defendant and properly joined pursuant to Federal Rules of Civil Procedure 13(h), 19, and 20.

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
Sacramento, California

**VENUE AND JURISDICTION**

10.    Venue is properly found in the District of Nevada in that the transaction complained of or a substantial part thereof occurred in Nevada.  Venue lies between REX MOORE and SMC according to the choice of forum clause in the Subcontract Agreement.  Venue lies in the unofficial Northern Division of this Court.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11.    EDGEWOOD is the reputed owner of certain real property situated in the County of Douglas, Nevada, commonly known as the Edgewood Tahoe Resort 4B Lodge, located at 100 Lake Parkway, Stateline, Nevada, 89449, which is the subject of this pleading.  The APNs for the property upon which the Edgewood Tahoe Resort 4B Lodge is located are APN 1318-27-001-016 and 017.  SMC contracted with EDGEWOOD to build and renovate a hotel, resort, golf club, known as Edgewood Tahoe Resort 4B Lodge (the "Project") on EDGEWOOD's property.

12.    REX MOORE is informed and believes and thereon alleges that EDGEWOOD executed a written contract with SMC to construct the Project.

13.    REX MOORE executed a written subcontract with SMC to perform and furnish certain labor, materials, and services necessary to complete the electrical scope of work for the Project in exchange for compensation in the amount of $5,464,364, which SMC agreed to pay.  A true and correct copy of the Subcontract Agreement is attached hereto as **Exhibit A**.  The terms and conditions of the Subcontract Agreement are incorporated by this reference as if set forth in full.

14.    Under the Subcontract Agreement, REX MOORE was generally to perform the electrical scope of work (the "Work").  Among other covenants, SMC expressly and impliedly represented that neither it nor EDGEWOOD would prevent REX MOORE from timely completion of the work.  The Subcontract Agreement provided in the event EDGEWOOD or SMC delayed the project, REX MOORE would be entitled to receive an extension of time to complete the work.  The Subcontract Agreement included the implied term that the drawings and schedules were sufficiently

-4-

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

1    complete to allow bidders, such as REX MOORE, to use them as a basis to submit a fixed price bid

2    for the Work.

3        15.    During construction, SMC prevented REX MOORE from timely and efficiently

4    completing its work and interfered with REX MOORE's work.   Interference included, but was not

5    limited to, structural steel was not timely delivered to the Project, and this caused SMC to change

6    the Project sequence, resulting in electrical rough-in work overlapping finish work and other

7    sequencing issues; SMC directed its framer to rough frame in a piecemeal fashion for SMC's sole

8    benefit, knowing this sequence would damage and interfere with REX MOORE'S ability to rough

9    in the electrical, causing disruption and unavoidable inefficiency; and Owner-supplied fixtures were

10    not timely delivered to the job site, causing delay and interference with REX MOORE's ability to

11    timely hook-up the fixtures.   These problems were compounded because design decisions were not

12    timely made.   Incorrect Owner-supplied fixtures were specified and had to be re-ordered and

13    delivered, and SMC failed to coordinate its drawings, changes and schedules. REX MOORE was

14    forced to move from work area to area and back again in an attempt to timely complete the work.

15    The failure to make the work timely available and to sequence the work in a reasonable manner

16    further caused impact, delay, disruption, impediment to the work.   EDGEWOOD and SMC agreed,

17    unbeknownst to REX MOORE, that the work of the subcontractors would be accelerated to mitigate

18    some of the impacts to the schedule caused by SMC and EDGEWOOD.    The cost of the

19    acceleration was to be paid by SMC and EDGEWOOD to REX MOORE.

20        16.    SMC directed REX MOORE to accelerate its work in order to mitigate for delays

21    and schedule impacts caused by EDGEWOOD and SMC.   Acceleration of work entails overtime

22    and other related costs and damages.   During this time, SMC notified REX MOORE that no

23    extension of time would be granted in order to accommodate the delays caused by EDGEWOOD

24    and SMC.  To the contrary, EDGEWOOD sought a work acceleration.  SMC promised to pay the

25    cost of accelerating the work, directing the schedule changes without a written change order.

26

27

28

Jacobson Markham
amento. California

17.     By January of 2017, REX MOORE submitted a preliminary notification that time and money to accelerate the work would exceed the overtime cost.   SMC was timely notified that the acceleration would be an added cost and submitted as a claim.   Despite notification of the added cost, SMC directed REX MOORE to proceed with the acceleration, without a change order, waiving the change order requirement. SMC promised REX MOORE, generally to proceed without the written change order because EDGEWOOD was responsible for the cost.

18.     From February to April of 2017, the issue of the added cost and loss related to accelerating the work was raised by REX MOORE to SMC.  SMC nonetheless directed acceleration of the work, agreeing to pay REX MOORE for the overtime and accelerated work.   REX MOORE followed directions by performing the work and submitting a claim for the cost when it was capable of calculation.

19.     On March 29, 2017, REX MOORE provided SMC the actual and estimated added cost of the work due to disruption, schedule impacts and the requested acceleration.   The costs were projected in part because SMC had directed nearly every Project subcontractor to accelerate, and therefore all of the subcontractors were stacked in the same areas.   The framing delay and structural steel delay also caused portions of the work that should have been completed earlier to be on the schedule late in the Project.     All phases of electrical trade work were forced to happen simultaneously, rather than in a sequence.   SMC continued to insist to REX MOORE that the work be accelerated with the knowledge this added work would include an added cost.   The delays that caused the damages were unreasonable, and the remedy selected by EDGEWOOD to mitigate the delays was Project acceleration.   None of the delays were caused by REX MOORE, nor could they be anticipated.

20.     In March of 2017, REX MOORE learned that SMC had secretly negotiated an amendment to the Prime Contract with EDGEWOOD whereby EDGEWOOD directed SMC to accelerate the work.  SMC and EDGEWOOD agreed they were responsible for Project delays, but

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

1    also agreed no extensions of time would be given for those delays.  To the contrary, SMC and

2    EDGEWOOD agreed to direct the work be accelerated and to share equally in the cost.

3        21.    The prime contract amendment was signed without REX MOORE's knowledge or

4    input, other than the general knowledge that EDGEWOOD directed acceleration, refused to extend

5    time for completion and agreed to pay the subcontractors for their cost of accelerating the work to

6    mitigate for SMC and EDGEWOOD's delay.

7        22.    REX MOORE demanded a change order for the added cost of the acceleration.

8    SMC refused to sign a change order, despite promising payment for the work.   SMC threatened to

9    bring suit against REX MOORE if the direction to accelerate was not immediately followed.  SMC

10   breached and abandoned its duty to pass through a true and complete claim for Rex Moore's

11   damages to Edgewood.  SMC breached its contract by refusing to allow Rex Moore to present its

12   claim.  SMC demanded performance according to the changes in the prime contract amendment and

13   promised payment for the added cost, without specifying the cost or executing a written change

14   order.

15       23.    In April of 2017, SMC began writing change orders to REX MOORE for overtime

16   expense for work already completed, further waiving the written change order requirement in the

17   Subcontract and demonstrating that written change orders for work completed were acceptable

18   under the Subcontract.  The overtime work had been performed by REX MOORE without a change

19   order, at SMC's direction. SMC waived the obligation of a written change order before performing

20   work.

21       24.    During the progress of construction, SMC consistently and continually failed to

22   timely complete predecessor work.  Structural steel delayed the beginning of the work before any

23   subcontractor could assess the delay.  SMC directed the Project be framed out of sequence and in a

24   manner that yielded the maximum damages and cost to REX MOORE, but for the sole benefit of

25   SMC.  Design changes were made late, and this impacted the Project progress.  In so doing, SMC

26   prevented REX MOORE from meeting schedule milestones, and interfered with REX MOORE's

27

28

-7-

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

access to Subcontract Work. REX MOORE was asked to mobilize and demobilize from work areas when work had not yet been completed. This was often caused due to lack of coordination of the drawing sets. This greatly impacted the progress of REX MOORE's work and resulted in substantially higher labor cost to do the same work. SMC demanded that REX MOORE perform the Work in piecemeal and/or out of sequence. The cost of the Work could not be tracked in a change order request because the nature of the impacts were ongoing and compound.

25.   SMC disregarded its change order procedures set forth in the Subcontract Agreement by verbally ordering overtime and acceleration, while stating EDGEWOOD would be held responsible, despite the lack of a written change order.

26.   In addition to approved change orders, REX MOORE timely submitted proposed change orders and claims, as defined by the Subcontract Agreement, seeking additional time and compensation. Such costs were incurred due to the fault of SMC and EDGEWOOD, but unanticipated due to the repeated and ongoing changes and delay in the Project construction. REX MOORE timely submitted claims, and provided detailed back up where required, except where such requirement was waived or impossible due to ongoing delay and unanticipated changes.

27.   Despite its promises, SMC failed to pay for the written contract and change orders after REX MOORE performed the work. **The amount due under the written subcontract and change orders is $717,654.34, most of which is for retention.** This amount does not include damages, costs of inefficiency, trade stacking, overtime, and acceleration caused or promised by SMC, but for which SMC has now refused to pay. SMC agreed to pay this amount, despite the lack of a written change order.

28.   The parties agreed SMC would be subject to California's prompt payment statute for any unpaid balance. Such statute provides in part interest of 24% per annum on the unpaid balance, plus the recovery of costs and attorney fees. Also, SMC recovered added cost as damages for delay, schedule compression and acceleration in the amount of approximately **$618,000**. REX MOORE is entitled to an equitable share of this money for its acceleration and compression damages, according

-8-

Jacobson Markham
amento, California

1    to Subcontract Agreement paragraph II(G). REX MOORE contend subcontract paragraph II G does

2    not apply to unanticipated and unreasonable delays, such as the delays experienced in this case, and

3    in any event does not apply to acceleration and disruption damages in any event.      Further,

4    paragraph II G limits the remedy for delay to an extension of time, but SMC notified REX MOORE

5    that no extension of time would be granted, despite that section.   REX MOORE claims entitlement

6    to its actual damages due to delay and acceleration.     REX MOORE had related impacts that

7    included overtime, overtime related expenses, inefficiency and delay damages.   The total due,

8    owning and unpaid to REX MOORE for work on the Project is **$1,890,893.53.**

9                          **FIRST CLAIM FOR RELIEF**

10                        **(Breach of Contract Against SMC)**

11        29.     REX MOORE realleges and incorporates herein by reference each and every

12   allegation contained in paragraphs 1-28 as though fully set forth herein.

13        30.     In addition to the other obligations in the Subcontract Agreement as modified

14   verbally and in writing, SMC agreed REX MOORE was to be paid for added costs and damages

15   caused by delay.  SMC breached the terms of the Subcontract Agreement as modified as follows:

16           A.      Failing to pay REX MOORE the agreed-upon amount due for the labor,

17                   services, equipment, tools, and materials furnished by REX MOORE to SMC

18                   pursuant to the terms of the Subcontract Agreement and at SMC's request,

19                   including the unpaid Project retention in an amount according to proof;

20           B.      Failing and refusing to execute change orders for changed work for which

21                   REX MOORE was entitled, including direct and indirect costs of such work;

22           C.      Directing REX MOORE to accelerate, but refusing to pay for the added cost

23                   of such acceleration at a rate that would account for the loss of efficiency

24                   working overtime and in areas where as many as 10 trades were stacked

25                   working in a space;

26

27                                         -9-

28   AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
     AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

D.    Breaching the implied covenant of good faith in every contract by interfering with, and preventing REX MOORE from enjoying the benefits of, the Subcontract Agreement by causing REX MOORE to work inefficiently, out of sequence and beyond the requirements of the Subcontract Agreement and far beyond the contemplation of the parties;

E.    Disrupting and interfering with REX MOORE's work, including failing to timely cause the structural steel to be delivered, piecemeal sequencing the framing, demanding the schedule be abandoned for an accelerated schedule, making late design changes, failing to timely supply fixtures to be hooked up and failing to timely complete predecessor work, and then refusing to pay the added cost;

F.    Failing to cause the predecessor work to be timely completed and otherwise comply with the schedule upon which the agreed delay costs were to be paid;

G.    Breaching the implied warranty that the bid documents, including the drawings, were biddable and constructible within the time provided in the Project schedule, including the schedule as amended;

H.    Causing substantial, compensable changes in the Project schedule; beyond the requirements and obligations under the Subcontract Agreement; beyond any potential delay the could have been contemplated by the parties when the Subcontract Agreement was executed; and due solely to SMC's breach of its other obligations under the Subcontract Agreement;

I.    Refusing to execute and approve additional compensation after verbally directing changes to the work and representing or implying that any requirement that such direction be in writing was waived;

J.    Refusing to extend time for delays caused by SMC and EDGEWOOD; and

-10-

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
Sacramento, California

K.   Threatening REX MOORE with legal action if REX MOORE refused to perform extra work not included in, or contemplated by, the Subcontract Agreement; and

L.   Attempting to enforce illegal or unenforceable terms of the Subcontract Agreement.

31.   REX MOORE has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Subcontract Agreement, except those conditions, covenants and promises excused, waived, illegal, or prevented by SMC's breach of contract as alleged herein.

32.   According to Section XXV of the Agreement, the prevailing party is entitled to recover attorney fees in any action to enforce the terms or to obtain relief related to the Agreement.

33.   SMC breached the terms of the Agreement by failing and refusing to pay any part of the balance due, by refusing to compensate REX MOORE for work directed by SMC, even though it exceeded the scope of work in the Subcontract, and by interfering with REX MOORE's prosecution of its work, in the amount according to proof at trial.

34.   REX MOORE is owed **$717,654.34** as the undisputed retention and progress payment balance due.  Plaintiff is entitled to a prompt payment penalty from Counter-defendant SMC on such undisputed amount according to California' Prompt Payment Act.  The penalty is 2% monthly from the date due, plus attorney fees and costs according to proof.

35.   As a result of SMC's breach of the Agreement, REX MOORE has suffered damages in the amount according to proof at trial.  REX MOORE is entitled to pre-judgment interest on the fixed sum at the legal rate.

36.   REX MOORE has been required to engage the services of an attorney to collect the monies due and owing, and REX MOORE is entitled to recover its reasonable costs, attorney's fees, and interest therefore.

-11-

Jacobson Markham
ramento, California

**SECOND CLAIM FOR RELIEF**

**(Action on Mechanics Lien Release Bond Against**

**Counter-defendant Liberty Mutual Insurance Company)**

37.     REX MOORE realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-36 as though fully set forth herein.

38.     On or about September 25, 2015, REX MOORE properly served, by certified mail, Counter-defendants Owner and SMC the requisite Preliminary Notice ("Preliminary Notice").  The Preliminary Notice advised Owner and SMC that REX MOORE had furnished or would furnish labor, services, equipment, and material for the Project.  A true and correct copy of the Preliminary Notice and proof of service is attached as **Exhibit B** and is incorporated by reference.

39.     REX MOORE served on EDGEWOOD and recorded a verified claim of lien on July 10, 2017, in the office of the county recorder of Douglas County, Nevada after the Project was substantially complete and before the expiration of 90 days after completion of the work of improvement, no notice of completion or cessation having been recorded.

40.     A copy of the claim of lien that includes the required statutory notice of lien is attached to this complaint as **Exhibit C** and is incorporated by reference.   At the time REX MOORE served and recorded the claim of lien, the amount stated in the lien claim remained owing and unpaid.  The cost of serving, verifying, and recording the lien claim was $65.00, no part of which has been repaid.  Since recording the lien on July 10, 2017, payments and change orders have changed the unpaid balance.  The amount due and unpaid is

| Unpaid contract balance | **$717,654.34** |
| Damages for breach of contract (incl. Owner recovery) | $1,173,239.19 |
| **Total revised lien amount** | **$1,890,893.53** |

41.     On a motion, the District Court granted SMC's motion to reduce the lien and the lien has since been reduced to $746,419.34 based on the amount due in July 2017.

42.     REX MOORE recorded a notice of lis pendens in Douglas County, Nevada.

-12-

43.     REX MOORE is informed and believes and thereon alleges that a mechanics lien release bond has been filed and recorded by Liberty Mutual Insurance Company on behalf of bond principal Counter-Defendant SMC, the direct contractor, in an amount equal to 150 percent of the reduced lien claim of $746,419.34 conditioned on payment of any sum that REX MOORE may recover on the claim, together with REX MOORE's costs.   A copy of the filed and recorded lien release bond is attached to this complaint as **Exhibit** D and incorporated by reference.

44.     On the basis of the foregoing allegations, REX MOORE is entitled to recover from the mechanics lien release bond Counter-defendants, the amount due on the mechanics' lien according to proof and as stated in its mechanics lien, as well as costs of suit.

45.     The Lien was served upon the record owners, *i.e.*, Owner, and/or its agents, as required by law.

46.     REX MOORE is entitled to recover the full amount of the lien plus an award of reasonable attorney's fees, costs, and interest for the ready-mix concrete, as provided in Chapter 108 of the Nevada Revised Statutes.

## THIRD CLAIM FOR RELIEF

### (Quantum Meruit against EDGEWOOD)

47.     REX MOORE realleges and incorporates herein by reference each and every allegation contained paragraphs 1-46 as though fully set forth herein.

48.     REX MOORE provided labor, services, and materials to Counter-Defendant SMC for the benefit of EDGEWOOD and the Project pursuant to the Subcontract Agreement, including approved and/or disputed change orders and damages, and at Counter-Defendant EDGEWOOD's specific request as described above.

49.     Counter-Defendant EDGEWOOD caused Project delays that were unreasonable and unanticipated when the Subcontract Agreement was executed.  EDGEWOOD modified the Prime Contract with SMC to direct REX MOORE and others to accelerate the Project delivery date.  REX MOORE incurred the cost of acceleration, including a related loss of productivity and damages.

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
Sacramento, California

1    EDGEWOOD and SMC entered a contract amendment that was insufficient to pay the cost of the

2    acceleration.    EDGEWOOD received the benefit of the Project acceleration by taking early

3    possession and using the Project to generate revenue and income earlier than the Project would be

4    available if the work had not been accelerated.    EDGEWOOD refused to give an extension of time

5    for completion of the work even though they caused the delay that required the extended time for

6    completion.

7        50.    REX MOORE furnished labor, services, equipment, and materials to Counter-

8    Defendant EDGEWOOD to accelerate the electrical scope of work for the Project at the special

9    request and insistence of EDGEWOOD through SMC.    REX MOORE has not been paid the

10   reasonable value of the acceleration and other services for which EDGEWOOD has not paid.

11       51.    At all times herein mentioned, the reasonable value of the services provided by REX

12   MOORE in an amount according to proof remains unpaid. REX MOORE prays leave to amend this

13   Complaint when the exact amount of damages has been ascertained.  REX MOORE is entitled to

14   pre-judgment interest on the fixed sum at the legal rate.

15       52.    EDGEWOOD enjoyed the benefits of REX MOORE's Work without fully paying

16   for it.

17       53.    REX MOORE has been required to engage the services of an attorney to collect the

18   monies due and owing, and REX MOORE is entitled to recover its reasonable costs and interest

19   therefore.

20       WHEREFORE, REX MOORE prays judgment as hereinafter set forth.

21                           **FOURTH CLAIM FOR RELIEF**

22                          **(Quantum Meruit against SMC)**

23       54.    REX MOORE realleges and incorporates herein by reference each and every

24   allegation contained in paragraphs in paragraphs 1-53 as though fully set forth herein.

25       51.    REX MOORE provided labor, services, and materials to Counter-Defendant SMC

26   for the benefit of EDGEWOOD and the Project pursuant to the Subcontract Agreement, including

27                                        -14-

28

Jacobson Markham
amento, California

approved and/or disputed change orders and damages, and at Counter-Defendant SMC's specific request as described above.

52.    Counter-Defendant SMC delayed the Project by failing to timely procure materials needed to progress with construction, by failing to timely procure and install structural steel, by failing to properly sequence the framing work and other predecessor trades. Those delays were unreasonable and unanticipated when the Subcontract Agreement was executed.

53.    SMC through its conduct during construction, consistently disregarded the Subcontract Agreement in a number of ways, including but not limited to:

 A.  Abandoning the project bid schedule, and revised schedules;

 B.  Directing REX MOORE to perform changes to the scope and manner of work without a written change order, including changes to the schedule, while promising verbally and by conduct to pay for the increased cost;

 C.  Causing unreasonable and unanticipated delays to the Project;

 D.  Interfering, disrupting and preventing REX MOORE from perform its work timely and in an efficient manner as represented in the bid and contract documents;

 E.  Directing REX MOORE to accelerate, despite the lack of a written change order, while promising to pay the cost of such acceleration;

 F.  Refusing to extend time for delays caused by SMC and EDGEWOOD; and

 G.  Failing to follow the contract change order requirements, and directing REX MOORE to do the same.

54.    REX MOORE has furnished labor, services, equipment, and materials to Counter-defendant SMC to complete the electrical scope of work for the Project at SMC's and worked beyond the scope of work in the Subcontract at the special request and insistence of SMC. SMC has received and accepted the benefit of the increased costs incurred due to the abandoned design and schedule of the Project, for which SMC promised to pay REX MOORE the reasonable value of such services.

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

55.    By its conduct, SMC created an implied in fact and implied in law contract to pay for the extra services, including the cost of acceleration.

56.    At all times herein mentioned, the reasonable value of the services provided by REX MOORE in an amount according to proof remains unpaid.  REX MOORE prays leave to amend this Complaint when the exact amount of damages has been ascertained.  REX MOORE is entitled to pre-judgment interest on the fixed sum at the legal rate.

WHEREFORE, REX MOORE prays judgment as hereinafter set forth.

## FIFTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and

### Fair Dealing Against SMC)

57.    REX MOORE realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-56 as though fully set forth herein.

58.    REX MOORE and SMC are in a subcontract with one another concerning the construction of the Project.

59.    Every contract imposes a duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

60.    SMC has acted in bad faith by not giving equal consideration to the interests of REX MOORE as their own interests.  SMC has wrongfully and intentionally breached the implied covenant of good faith and fair dealing by denying REX MOORE benefits to which it is entitled under the subcontract.

61.    SMC's breach of the duty of good faith has proximately and actually caused damages to REX MOORE.

WHEREFORE, REX MOORE prays judgment as hereinafter set forth.

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
amento, California

## **PRAYER FOR RELIEF**

REX MOORE respectfully prays that the Court enter judgment in its favor and against Counter-Defendants as follows:

A.  On the first claim for relief, for a judgment and damages in favor of REX MOORE and against, along with statutory and prompt payment interest penalty provided by law, plus costs and reasonable attorney's fees according to proof at trial;

B.  On the second claim for relief, for relief, for a judgment of damages against Counter- Defendant Liberty Mutual Insurance Company, for the sum due on the mechanics' lien plus attorney fees and costs in an amount according to proof at trial;

C.  On the third claim for relief, for a judgment of damages against Counter-Defendant EDGEWOOD, in an amount according to proof at trial;

D.  On the fourth and fifth claims for relief, for a judgment of damages against Counter-Defendant SMC, in an amount according to proof at trial;

E.  For costs of suit herein incurred, including reasonable attorney fees on the first cause of action on the contract and the statutory prompt penalty claims and on the second claim for relief arising from the mechanics' lien release bond; and

F.  For such other and further relief as the Court may deem proper.

JACOBSON MARKHAM L.L.P.
8950 Cal Center Drive, Suite 210
Sacramento, CA 95826


By: */s/ Patrick T. Markham*
    Patrick T. Markham
    California State Bar Number 114542
    (*Pro Hac Vice*)

-17-

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

Jacobson Markham
ramento, California

LEWIS ROCA ROTHGERBER CHRISTIE LLP
50 W. Liberty Street, Suite 410
Reno, NV 89501


By: /s/ John Bragonje
    John Bragonje
    State Bar No. 9519


*Attorneys for Defendant Rex Moore Group, Inc.*

## DEMAND FOR JURY TRIAL

    Pursuant to Federal Rule of Civil Procedure 38, Defendant/Counter-claimant hereby demands a trial by jury on the claims and defenses triable by jury.

JACOBSON MARKHAM L.L.P.
8950 Cal Center Drive, Suite 210
Sacramento, CA 95826

By: */s/ Patrick T. Markham*
    Patrick T. Markham
    (*Pro Hac Vice*)
    California State Bar Number 114542


LEWIS ROCA ROTHGERBER CHRISTIE LLP
50 W. Liberty Street, Suite 410
Reno, NV 89501


By: /s/ John Bragonje
    John Bragonje
    State Bar No. 9519

*Attorneys for Defendant Rex Moore Group, Inc*

-18-

AMENDED COUNTER-CLAIM OF REX MOORE GROUP, INC., a California corporation
AND REQUEST FOR JURY TRIAL

E-mails: Warne@downeybrand.com
afitzgerald@downeybrand.com

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **October 27, 2017,** at Sacramento, California.

/s/ Alexis Castro

-2-

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on **Friday, November 2, 2017,** I electronically filed the foregoing with the Clerk of the Court for the United States District Court District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Kent R. Robison, Esq. (Nevada SBN: 1167)            *Attorneys for Plaintiff*
Scott L. Hernandez, Esq. (Nevada SBN:13147)         *SMC Construction Co.*
Robison Belaustegui, Sharp & Low, P.C.
71 Washington Street
Reno, Nevada 89403
Tel: 775-329-3151
Email: shernandez@rbsllaw.com
        krobison@rbsllaw.com

John Bragonje, Esq. (Nevada SBN: 9519)              *Attorneys for Defendant*
Lewis Roca Rothgerber Christie, L.L.P.              *Rex Moore Group, Inc.*
50 West Liberty Street, Suite 410
Reno, Nevada 89501-1922
Tel: 775-823-2900
E-mail: jbragonje@lrrc.com

Patrick T. Markham, Esq. (California SBN: 114542)   *Attorneys for Defendant*
(Pro Hac Vice forthcoming                           *Rex Moore Group, Inc.*
Jacobson Markham L.L.P.
8950 Cal Center Drive, Suite 210
Sacramento, CA 95826
Tel: 916-854-5969
E-mail: ptmarkham@jacobsonmarkham.com

Gordon H. DePaoli, Esq.                             *Attorneys for Counter-Defendant*
Woodburn and Wedge                                  *Edgewood companies*
6100 Neil Road, Suite 500
Reno, NV 89511
E-mail: gdepaoli@woodburnandwedge.com

William R. Warne                                    *Attorneys for Counter-Defendants*
(Pro Hac Vice)                                      *Edgewood Companies*
Avalon J. Fitzgerald
(Pro Hac Vice)
Andrew L. Collier
(Pro Hac Vice)
DOWNEY BRAND
621 Capitol Mall, 18th Floor
Sacramento, California 95814

:obson Markham
nento, California

E-mails: Warne@downeybrand.com
afitzgerald@downeybrand.com

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 2, 2017,** at Sacramento, California.

/s/ Alexis Castro

cobson Markham
nento, California